Ruffin, C. J.
 

 It is unnecessary to consider any other point made for the defendant, but that relative to the action ; as the opinion of the Court is with him on that. The seizure by the sheriff in March was rightful, as the mortgage was not registered until about the middle of April, and, by the statute, it enured only from its registration, and without any relation back. There is no doubt, however, that, notwithstanding the sheriff’s special property and possession, the conveyance to the plaintiffs was effectual to pass the property to them from the period of its registration, subject only to that special property for the purpose of satisfying the attaching creditor.
 
 Payne
 
 v.
 
 Drew,
 
 4 East. 523.
 
 Alexander
 
 v.
 
 Springs,
 
 5 Ire. 475. And, if any of these articles had remained in the sheriff’s hands after satisfying the execution, he could have been sued in trover for them, if he refused to deliver them up ; as might any one else, in whose hands.
 
 *54
 
 the property is, or who has converted it since the attachment debt was paid.
 
 Popleston
 
 v.
 
 Skinner,
 
 4 Dev. & Bat. 156. But the defendant has not any part of the effects; having sold them in June 1843, while the attachment was still pending. That was a wrongful sale, as it was made without an order in the cause ; and unquestionably the plaintiffs have a remedy for the injury to their right of property. But the question is, whether they can maintain this particular action of trover, when the sale and conversion by the defendant were at a time, when the attachment formed a valid lien, and entitled the sheriff to the possession of the goods, and excluded the plaintiffs from the right of present possession? We think not. The gist of the action is the conversion, and that must have been constituted, if at all, by the sale of the goods in June ; for they never came to the defendant’s hands afterwards. It is laid down both in the most approved text books, and in adjudications, that, in order to support trover, the plaintiff must, at the time of the conversion, have the right to immediate possession. Mr. Chitty states that to be the rule in his Practice on Pleading, 1
 
 vol.
 
 174 ; and he refers to
 
 Gordon
 
 v.
 
 Harper,
 
 7 T. R. 9, in which it was so held, because the declaration alleges that the plaintiff “was lawfully possessed.” In
 
 Pain
 
 v.
 
 Whitaker,
 
 R. & M. 99, Chief Justice Abbott lays down the principle to be, that the plaintiff must have the right of possession of the goods, at the time they are taken, which there meant, converted; and he gives the same reason for it, namely, that, if he has not, the allegation, “that he was lawfully possessed,” will not be supported by the evidence. It is true, that in
 
 Gordon
 
 v.
 
 Harper,
 
 the action was brought before the expiration of the term, for which the plaintiff had hired out the furniture; and, therefore, that was not a direct decision that the general owner might not have trover, after
 
 the term of
 
 hiring ended. In
 
 Andrews
 
 v.
 
 Shaw,
 
 4 Dev. 70, that point was expressly left open. But it was, because it is a habit of caution in the
 
 *55
 
 Court not to go out of the case before us, and lay down a broader rule than is necessary for its determination; and not on account of any doubt about it. It is no where found to have been said, either in the books or from the bench, that trover may or may not be sustained, according to the period at which the action is brought. That is not the criterion. On the contrary,the rule, as already quoted, gives the action to one entitled to the present possession when the conversion took place, and refuses it, (at any time) to one who is not entitled to such possession. Indeed, it is nearly certain, that in
 
 Pain
 
 v.
 
 Whitaker,
 
 the suit was brought, after the month ended for which the Piano Forte was let. And in delivering the judgment of the Court in
 
 Bloxam
 
 v.
 
 Sanders,
 
 4 Barn & Ald. 941, Mr. Justice Bayley, after stating that the property vested in the buyer of goods by the contract, but that he was not entitled to the possession ’till the payment of the price, laid it down, that for that reason the plaintiffs could not maintain trover for the conversion by the defendants in re-selling the crops without the assent of the buyer or the rescinding of the contract. He said, that the buyer might act upon his right of property, if any thing unwarrantable is- done to- that right: as, for instance, if the vendor re-sell when he ought not, the buyer may bring a special action for the injury sustained by such wrongful sale, and recover damages to the extent of such injury; but he can maintain no action,, in which right of property and right of possession arc both requisite, and trover is an action of that description. In the case before us, it has turned out that the injury to-the plaintiffs’ right of property, by the unauthorised sale of the defendant, was to the full value of the goods ; yet, as the conversion by that sale was committed before the plaintiffs were entitled to the possession, they cannot have this remedy.
 

 Pee Curiam. Judgment reversed, and
 
 venire de novo.